■ In the Matter of THEODORE LUTHER S. and Others, Children Alleged to be Neglected. ST. CHRISTOPHER-OTTILIE, Respondent; SANDRA S., Also Known as SANDRA GALE S., Appellant.—Orders, Family Court, New York County (Judith Sheindlin, J.), entered July 6, 1990, sustaining a finding of parental neglect of respondent's four children and awarding custody and guardianship to the Commissioner of Social Services and petitioner St. Christopher-Ottilie, for purposes of adoption, unanimously affirmed, without costs.

Respondent, who defaulted, contends that the court, *sua sponte,* should have assigned counsel or appointed a *guardian*

*ad litem* to represent her in her absence, pursuant to Family Court Act § 262 or SCPA 402 (2). The right to be represented by counsel, pursuant to Family Court Act § 262 (a) occurs only upon a person's first appearance in court. Moreover, respondent's letter seeking an adjournment was insufficient to establish indigency for assignment of counsel. Respondent's contention based on SCPA 402 (2) is inapplicable here.

Respondent also contends that petitioner failed to demonstrate that it had exercised diligent efforts to assist her in planning for the future of her children, pursuant to Social Services Law § 384-b. However, the evidence clearly demonstrates that the agency diligently attempted to provide counseling and adequate housing for respondent. She failed to complete any of the counseling programs in which she enrolled and spent monies earmarked for housing and a furniture grant for other purposes. *(Matter of Christina Jeanette C.,* 168 AD2d 351.) The record further demonstrates that respondent, over the years, sporadically visited the children, until her relocation out of State, at which time she only maintained sporadic telephone contact. The agency also explored the possibilities of placing respondent's children with her sister and mother but these efforts did not prove fruitful. Under these circumstances, respondent's inability to adhere to the agency's plan or maintain sufficient contact with her children, provide a sufficient basis to support the determination of permanent neglect. *(Matter of Christina Jeanette C., supra; Matter of Star Leslie W.,* 63 NY2d 136.) We have considered respondent's remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Milonas, Kupferman, Kassal and Smith, JJ.